UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE HERRING JENKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY (PG&E), et al.,<br><br>        Defendants. | Case No. EDCV 16-1066-GHK (KK)<br><br>ORDER GRANTING MOTION TO DISMISS & DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## INTRODUCTION

Plaintiff Darlene Herring Jenkins ("Plaintiff"), has filed a pro se civil rights complaint pursuant to Title 42 of the United States Code, section 1983. Plaintiff alleges Defendants Pacific Gas and Electric Company and Does 1 through 100 violated: (1) the Safe Drinking Water Act ("SDWA"); and (2) Title 42 of the United States Code, Sections 1983 ("Section 1983"), 1985(3) ("Section 1985(3)"), and 1986 ("Section 1986"). Defendant Pacific Gas and Electric Company ("Defendant") filed a Motion to Dismiss, which the Court grants for the reasons below.

///

///

## II.
## BACKGROUND

### A. THE COMPLAINT

On March 18, 2016, Plaintiff filed a civil rights complaint ("Complaint") in the United States District Court for the Southern District of California alleging Defendant violated: (1) the SDWA; and (2) Plaintiff's civil rights under Sections 1983, 1985(3), and 1986. See ECF Docket No. ("Dkt.") 1, Compl.

Plaintiff owns property in Hinkley, California and alleges Defendant's products have poisoned aquifers in Hinkley since 1952. Id. at 10. Plaintiff also alleges Defendant used "filtering fraud" when testing the aquifers to conceal the "excessive concentration" of arsenic and other deadly toxins. Id. at 6, 11-12. Plaintiff further alleges she is "in poverty, thus the environmental justice and injustice is nothing more than just a dog and pony show," and "[i]rrational news media propaganda has aided in shielding [Defendant] from investigation and prosecution." Id. at 12. Finally, Plaintiff seeks $6,500,000.00 in damages, costs, injunctive relief, and declaratory judgment. Id. at 6, 9.

### B. MOTION TO DISMISS THE COMPLAINT

On April 11, 2016, Defendant filed a Motion to Dismiss ("Motion"). See Dkt. 3, Mot. In the Motion, Defendant argues the Court should dismiss the Complaint because: (1) Plaintiff fails to establish subject matter jurisdiction; (2) the SDWA preempts Plaintiff's civil rights claims under Sections 1983, 1985(3), and 1986; and (3) Plaintiff fails to state claims under the SDWA, Sections 1983, 1985(3), and 1986.[1] Id. at 1-15.

---

[1] Defendant argues the Court should strike Plaintiff's request for damages and civil penalties. Dkt. 3, Mot. at 13-14. Because the Court dismisses the Complaint for failure to state a claim, the Court declines to address these arguments at this juncture.
 Defendant also argues improper venue; however, this action has since been transferred to this Court. Id. at 13-14; Dkt. 23, Notice of Receipt. Therefore, the issue of venue is moot.

On May 19, 2016, Plaintiff filed an Opposition ("Opposition"). Dkt. 14, Opp. On May 31, 2016, Defendant filed a Reply ("Reply"). Dkt. 24, Reply. This matter is thus submitted and ready for decision.

## III.

## **DISCUSSION**

### A. THE COURT HAS FEDERAL QUESTION JURISDICTION

#### (1) APPLICABLE LAW

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Under federal question jurisdiction, the district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For example, "42 U.S.C. §§ 1983 and 1985 when coupled with 28 U.S.C. § 1343, confer jurisdiction for actions claiming the deprivation of civil rights under the color of state law or by conspiracy." Luttrell v. United States, 644 F.2d 1274, 1275-76 (9th Cir. 1980). Section 1986 similarly confers federal question jurisdiction on district courts where a person neglects to prevent a violation of Section 1985. 42 U.S.C. § 1986. Further, the SDWA confers federal question jurisdiction on district courts. United States v. Alisal Water Corp., 431 F.3d 643, 651 (9th Cir. 2005).

#### (2) ANALYSIS

Here, the Court has subject matter jurisdiction because the Complaint presents federal questions. See Peralta, 419 F.3d at 1068; 28 U.S.C. § 1331. Specifically, Plaintiff's claims for civil rights violations under Sections 1983, 1985(3), and 1986, and violations under the SDWA confer federal question jurisdiction. See Dkt. 1, Compl; Luttrell, 644 F.2d at 1275-76; 42 U.S.C. § 1986; Alisal Water Corp., 431 F.3d at 651.

### i. This Court Has Federal Question Jurisdiction Over Plaintiff's Claim For Civil Rights Violations

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's claims for civil rights violations under Sections 1985(3) and 1986. Specifically, Defendant argues Plaintiff's failure "to include the required allegations of invidious discrimination and membership in a protected class" defeats jurisdiction over Plaintiff's Sections 1985(3) and 1986 claims. Dkt. 3, Mot. at 3; see Dkt. 24 Reply at 3.

"Failure to state a claim under federal law is not the same thing as failure to establish federal question jurisdiction under 28 U.S.C. § 1331." Bollard v. California Province of the Soc'y of Jesus, 196 F.3d 940, 951 (9th Cir. 1999); see Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 333 (9th Cir. 2015). Despite the purported failure to state a claim under Section 1985(3) or 1986, neither claim "appears to be immaterial, wholly insubstantial and frivolous, or otherwise so devoid of merit as not to involve a federal controversy." See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 83, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Thus, Plaintiff's pleading deficiencies have no fatal effect on the Court's jurisdiction over Plaintiff's Section 1985(3) or 1986 claims. See 28 U.S.C. § 1331.

### ii. This Court Has Federal Question Jurisdiction Over Plaintiff's Claim For SDWA Violations

Defendant also argues the Court lacks subject matter jurisdiction over Plaintiff's SDWA claim. Specifically, Defendant argues Plaintiff's failure "to allege either an ongoing violation or compliance with statutory notice requirements" defeats jurisdiction over Plaintiff's SDWA claim. Dkt. 3, Mot. at 4; see Dkt. 24, Reply at 1-3.

Once again, Plaintiff's failure to state a SDWA claim (i.e., failure to allege an ongoing violation or comply with statutory notice requirements) "is not the same thing as failure to establish federal question jurisdiction." See Bollard, 196 F.3d at

4

951. Despite Plaintiff's purported failure to state a SDWA claim, the claim does not appear "immaterial, wholly insubstantial and frivolous, or otherwise so devoid of merit as not to involve a federal controversy." See Steel Co., 523 U.S. at 83.

Moreover, while Defendant argues the SDWA's notice requirements "are jurisdictional prerequisites to bringing suit," Dkt. 3, Mot. at 4; see Dkt. 24, Reply at 2, the SDWA lacks any indication its notice requirements constitute a jurisdictional precondition. 42 U.S.C. § 300j-8. "When Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y&H Corp., 546 U.S. 500, 502, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Alisal Water Corp., 431 F.3d at 651 ("We will not assume that Congress intended to deprive the court of subject matter jurisdiction over enforcement of federal laws where Congress has refrained from doing so and where there is no evidence of such intent."). Thus, Plaintiff's pleading deficiencies have no fatal effect on the Court's jurisdiction over Plaintiff's SDWA claim.

**B.   THE SDWA PREEMPTS PLAINTIFF'S CIVIL RIGHTS CLAIMS UNDER SECTIONS 1983, 1985(3) & 1986**

**(1)   APPLICABLE LAW**

The SDWA comprises "national primary drinking water regulations," which "shall apply to each public water system in each State." 42 U.S.C. § 300g. Because SDWA establishes a comprehensive remedial scheme and grants enforcement rights to the government and private citizens, the SDWA preempts all other forms of federal relief for SDWA violations – including civil rights claims. Mattoon v. City of Pittsfield, 980 F.2d 1, 4 (1st Cir. 1992) ("We have little hesitation in concluding that Congress occupied the field of public drinking water regulation with its enactment of the SDWA."); see Ford v. California, No. 1:10-CV-00696-AWI, 2013 WL 1320807, at *3 (E.D. Cal. Apr. 2, 2013) ("The SDWA

preempts all other forms of federal relief for a violation of the SDWA, including . . . Section 1983 Constitutional right claims.").

### (2) ANALYSIS

Here, Plaintiff bases her civil rights claims entirely on Defendant's alleged SDWA violations. See Dkt. 1, Compl. Because the SDWA preempts all other forms of federal relief for SDWA violations, the SDWA preempts Plaintiff's civil rights claims under Sections 1983, 1985(3), and 1986. See Mattoon, 980 F.2d at 4. Thus, Plaintiff's civil rights claims under Sections 1983, 1985(3), and 1986 are preempted by the SDWA and must be dismissed.

## C. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE SDWA

### (1) APPLICABLE LAW

While states bear the primary responsibility for enforcing the SDWA, a private citizen may also seek to enforce the SDWA as a plaintiff in a district court action. 42 U.S.C. §§ 300h-1, 300j-8. However, to maintain a citizen suit under the SDWA, a citizen plaintiff must meet certain requirements.

First, to bring a SDWA claim, a citizen plaintiff must comply with notice requirements. For instance, a plaintiff may only bring a citizen suit under the SDWA against a private defendant when she provides notice of her claims to the prospective defendant and waits sixty days thereafter. Id. § 300j-8(b)(1)(A). Such notice must:

> include sufficient information to permit the recipient to identify the specific requirement alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of the alleged violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.12.

In addition, the SDWA permits citizen suits only against persons "alleged to be in violation of any requirements prescribed by or under this subchapter . . . ." 42 U.S.C. § 300j-8(a)(1) (emphasis added). "The most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 57, 64, 108 S. Ct. 376, 98 L. Ed. 2d 306 (1987) (remanding Clean Water Act suit under Title 33 of the United States Code, section 1365(a) where plaintiffs made "a good-faith allegation of continuous or intermittent violation").

**(2)   ANALYSIS**

Here, Plaintiff neither alleges she provided Defendant notice of her claim nor alleges "a state of either continuous or intermittent violation." See 42 U.S.C. § 300j-8(b)(1)(A), (a)(1); Gwaltney of Smithfield, Ltd., Inc., 484 U.S. at 57, 64. Thus, Plaintiff's SDWA claims must be dismissed.

### D.   THE COMPLAINT SHOULD BE DISMISSED WITH LEAVE TO AMEND

**(1)   APPLICABLE LAW**

If a court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

**(2) ANALYSIS**

Here, in light of Plaintiff's pro se status and because it is unclear whether Plaintiff can correct the Complaint's defects, the Court grants Plaintiff leave to amend. See Lopez, 203 F.3d at 1126-30. In amending the Complaint, Plaintiff must state each claim separately. For each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and facts underlying it. Plaintiff should identify when the alleged harms occurred, who caused the alleged harms, and what actions each alleged wrongdoer committed.

## IV.

## ORDER

Therefore, the Court ORDERS: (1) Defendant's Motion to Dismiss is GRANTED; and (2) Plaintiff's Complaint is DISMISSED with leave to amend. Within twenty-one (21) days of this order, Plaintiff must:

1. File a First Amended Complaint. If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document. Plaintiff must comply with Central District of California Local Rules.

    An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First

Amended Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff file a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. County of Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, if Plaintiff files a First Amended Complaint without claims on which relief can be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.

2. Alternatively, Plaintiff may request voluntary dismissal of this case.  Fed. R. Civ. P. 41(a).  If Plaintiff chooses this option, this action will be dismissed in its entirety without prejudice.  **The Clerk of Court has attached a blank Notice of Dismissal Form.**

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Dated: June 02, 2016

/s/ Kenly Kato

HONORABLE KENLY KIYA KATO
United States Magistrate Judge